JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeanine Schutz

**(b)** County of Residence of First Listed Plaintiff  Lackawanna
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Melissa Foley, Esquire, 220 Penn Avenue, Ste 301, Scranton, PA 18501-0767 (570) 341-3400

## DEFENDANTS
American General Life Insurance Company

County of Residence of First Listed Defendant  Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

William J. McPartland, Esquire, 50 Glenmaura Nat'l Blvd., Ste 301, Moosic, PA 18507 (570) 496-4621

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Bad Faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
75,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
s/ William J. McPartland

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANINE SCHUTZ, | : | Removed from the Court |
| | : | of Common Pleas of |
| Plaintiff, | : | Lackawanna County |
| | : | Civil Action No.: 2015-CV-2485 |
| | : | |
| v. | : | No.: |
| | : | |
| AMERICAN GENERAL LIFE | : | JURY TRIAL DEMANDED |
| INSURANCE COMPANY, | : | |
| | : | *Electronically Filed* |
| Defendant. | : | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:**

Defendant, American General Life Insurance Company ("American General") by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby gives notice of the removal of the civil action captioned JEANINE SCHUTZ V. AMERICAN GENERAL LIFE INSURANCE COMPANY, Civil Action No.: 2015-CV-2485, from the Court of Common Pleas of Lackawanna County to the United States District Court for the Middle District of Pennsylvania. In support of the removal, American General states as follows:

1. American General is the defendant in a civil action, which was initiated via Writ of Summons on April 7, 2015, in the Court of Common Pleas of

Lackawanna County, Pennsylvania, at No.: 2015-CV-2485. <u>See</u> Writ of Summons, attached hereto as Exhibit "A".

2. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, American General removes this action to the United States District Court for the Middle District of Pennsylvania, which is the judicial district in which the action is pending.

## The Complaint

3. American General was served with the Complaint on March 28, 2018 by U.S. First Class Mail. <u>See</u> Letter and Complaint, attached hereto as "Exhibit B".

4. This Notice of Removal is timely, as it has been filed within thirty (30) days after American General's receipt of Plaintiff's Complaint, through service, in accordance with 28 U.S.C. § 1446(b), which states that a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999); *Miles v. MetLife, Inc.*, 2006 U.S. Dist. LEXIS 11748, *4 (E.D.Pa. March 16, 2006).

2

5. In her Complaint, Plaintiff asserts that, on or about March 15, 2013 she sustained a foot injury when she was hiking and slipped on a rock, and first sought treatment July 22, 2013. See Exhibit A, at ¶¶ 23

6. According to Plaintiff, she first became disabled on August 26, 2013 and then returned to full time duties on December 20, 2013. Id.

7. Defendant denied the claim made by Plaintiff, citing she previously underwent surgery on December 17, 2012 for treatment of chronic Achilles tendonitis in the same foot prior to the effective date of her policy. Id. at ¶ 25.

8. Plaintiff retained counsel who notified Defendant October 7, 2014 of representation and sought documents to support Defendant's denial, if they did not reverse the decision immediately. Id. at ¶30.

9. Defendant provided records as requested by Plaintiff. Id. at ¶¶31-33.

10. Subsequent to the denial, Defendant sent Plaintiff a check for $10,000.00, the total disability amount in October of 2015. Id. at ¶ 45.

11. Plaintiff alleges Defendant acted in bad faith by their decision to delay payment of Plaintiff's disability benefit, lacked any reasonable basis for the delay, and knew or recklessly disregarded the lack of a reasonable basis to delay payment to Plaintiff of the disability benefit. Id. at ¶ 51-53.

12. As a result, Plaintiff requests judgment against Defendant, and an amount in her favor in excess of fifty-thousand dollars ($50,000.00), together with

compensatory damages, punitive damages, interest, cost of suit, and attorney's fees. Id., at *ad damnum* clause.

**Standard for Removal Based on Diversity Jurisdiction**

13. An action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the lawsuit. See 28 U.S.C. § 1441(a).

14. Federal courts have original (diversity) jurisdiction over actions in which the matter in controversy exceeds $75,000.00 and the parties are citizens of different states. See 28 U.S.C. § 1332.

15. "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n. 2 (1999). Thus, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. See *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

16. Additionally, the removal statute provides that an action based on diversity jurisdiction shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b).

## Amount in Controversy

17. "A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time [the] petition for removal was filed.'" See *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)(quoting *Steel Valley Auth. v. Union Switch & Signal*, 809 F.2d 1006, 1010 (3d Cir. 1987).

18. Where, *as here*, the plaintiff does not allege that, as a matter of fact, her claims do not meet the jurisdictional amount, and does not raise a factual dispute about her claims, to satisfy the amount in controversy requirement of Section 1332, it must merely appear on the face of the record on removal, that it cannot be stated to a legal certainty that the plaintiff cannot recover the jurisdictional amount. See *Frederico v. Home Depot*, 507 F.3d 188, 195-196 (3d Cir. 2007)(in absence of meaningful dispute of facts, it must merely appear that there is not "a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000.")(quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F.Supp.2d 1, 3-4 (E.D.Pa. 2006)(internal citations omitted)).

19. Here, it cannot be established to a *legal certainty* that Plaintiff cannot recover the jurisdictional amount.

20. In this regard, Plaintiff's Complaint, sets forth that she is entitled to an amount in excess of fifty-thousand dollars ($50,000.00).

5

21. Additionally, Pennsylvania's Bad Faith Statute provides, in pertinent part, as follows:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371.

22. Pennsylvania's bad faith statute provides that if a court finds that an insurer has acted in bad faith toward an insured, the court may "award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%." 42 Pa.C.S. § 8371.

23. Further, as part of her alleged damages, Plaintiff seeks attorney's fees and expenses incurred in the prosecution of the action, *Complaint*, at *ad damnum* clause, which fees may be considered in determining the amount in controversy for purposes of diversity jurisdiction. See *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)("Although 28 U.S.C. § 1332 excludes 'interests and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in

6

controversy if [they] are available to successful plaintiffs under the statutory cause of action."); *Labenz v. Gov't Employees Ins. Co.*, 2002 U.S. Dist. LEXIS 11647, at *4 (E.D. Pa. Mar. 15, 2002)(same).

24. Under 42 Pa.C.S. § 8371, any attorney's fees sustained by Plaintiff in litigating her claim for coverage, as well as in litigating the bad faith case itself could possibly be recovered by Plaintiff in this case. See *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 531-532 (3d Cir. 1997)(under Section 8371, to make insured "whole", insured was entitled to counsel fees for the time spent pursuing the claim for insurance benefits, as well as for the time spent prosecuting the bad faith cause of action).

25. In her Complaint, Plaintiff also makes a request for punitive damages. She alleges bad faith on the part of American General, which, if true, could be sufficient to support an award of punitive damages. See e.g., *Complaint*, at ¶¶ 20-21. See also, *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)(punitive damages may be awarded for "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.").

26. In particular, and not by way of limitation, Plaintiff brings a cause of action pursuant to 42 Pa.C.S. § 8371, which permits an award of punitive damages to a Plaintiff insured. See 42 Pa.C.S. § 8371 ("In an action under an insurance policy, if the court finds that an insurer has acted in bad faith towards the insured,

7

the court may . . . award punitive damages against the insurer . . . ."). <u>See also</u>, *W.V. Realty Inc. v. Northern Ins. Co. of New York*, 334 F.3d 306, 318 (3d Cir. 2003)(court may award of punitive damages in a bad faith case, if evidence establishes "bad faith" and makes an additional showing of "outrageous conduct"); *Coyne v. Allstate*, 771 F.Supp. 673, 679 (E.D.Pa. 1991)(same).

27. In *Golden v. Golden*, 382 F.3d 348, 354-355 (3d Cir. 2004), it was held that, unless patently frivolous, "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." <u>See</u> also *Roth v. US LEC of Pennsylvania, Inc.*, 2005 U.S.Dist. LEXIS 20919, *7-8 (E.D.Pa. Sept. 23, 2005)(same). Punitive damage claims are "patently frivolous" when they are unavailable as a matter of state substantive law. *Golden*, 382 F.3d at 355.

28. By the plain language of the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371, and the cases cited-above, punitive damages could possibly be available in this case, if the Plaintiff is successful in her bad faith cause of action, and makes an additional showing of outrageous conduct on the part of her insurer.

29. Considering a possible award of punitive damages, which as set forth above, some courts have calculated using the attorney's fees of counsel for the plaintiff, as well as any compensatory damages/interest/costs recovered, as part of

the punitive damage multiplier, it surely cannot be stated to a legal certainty, based upon the Plaintiff's Complaint, that the amount in controversy in this matter cannot exceed $75,000.00. See *Willow Inn, supra*, 399 F.3d at 237.

30. The above-potential damages indicate that an award in this case could significantly exceed the jurisdictional minimum. It unquestionably does not appear *to a legal certainty* that the amount in controversy through the Plaintiff's Complaint (and/or the Amended Complaint), falls below the applicable jurisdictional amount of $75,000.00. See e.g.: 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725 (3d ed. 1998)(stating that the Supreme Court's legal-certainty test in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), "requires the defendant merely to show [to avoid remand] that it does *not* appear to a legal certainty that the amount in controversy falls below the applicable jurisdictional amount"); *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396-398 (3d Cir. 2004) (applying legal certainty standard in case).

### Diversity of Parties

31. Federal courts have original subject matter jurisdiction over actions in which the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332.

32. For removal to be valid, there must be complete diversity of citizenship, i.e., the citizenship of all the defendants must be diverse from the citizenship of all the plaintiffs. See *Caterpillar, Inc.*, supra.

33. Additionally, the removal statute provides that an action based on diversity jurisdiction shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b).

34. Here, Plaintiff avers that she is a citizen of the Commonwealth of Pennsylvania, residing at 2 Hillary Drive, White Haven, Pennsylvania 18661. See Exhibit A at ¶1.

35. In her Complaint, Plaintiff names American General Life Insurance Company as the defendant, which is a corporation domiciled in Texas, engaged in the business of issuing insurance policies, with its principal place of business in Houston, Texas. See Pennsylvania Insurance Department Information, at http://www.insurance.state.pa.us/scrpts/gfsearch?level=2&item=gf0119 (listing home address, mailing address and domicile in Texas), attached hereto, and made a part hereof, as Exhibit "C". It is a citizen of the State of Texas for diversity purposes. See 28 U.S.C. § 1332(c)(1)(for purposes of removal on diversity grounds, corporations are citizens of both the state of their incorporation and the state of their principal place of business).

10

36. As stated by Plaintiff, the defendant American General is company incorporated under the laws of Texas, with its principal place of business at 2727-A Allen Parkway, Houston, Texas 77019. It is a citizen of the State of Texas for diversity purposes. See 28 U.S.C. § 1332(c)(1)(for purposes of removal on diversity grounds, corporations are citizens of both the state of their incorporation and the state of their principal place of business).

## Conclusion

37. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a), because it cannot be stated to a legal certainty that the matter in controversy is less than the sum or value of $75,000.00, and because there is complete diversity of citizenship between the Plaintiff and American General, and American General is not a citizen of the state in which the action is proceeding. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

38. Written notice of the filing of this Notice of Removal has been given to all the parties in accordance with 28 U.S. Code § 1446(d).

39. Promptly after filing with this Court and with the assignment of a civil action number, a Notice of this removal will be filed with the Court of Common

Pleas of Lackawanna County, Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, American General, prays that the above-entitled action now pending in the Court of Common Pleas of Lackawanna County be removed to this Honorable Court.

>MARSHALL DENNEHEY
>WARNER COLEMAN & GOGGIN
>
>By: _____
>William J. McPartland, Esquire
>Attorney I.D. No.: PA 94214
>Meghan M. Carey, Esquire
>Attorney I.D. No.: PA 321069
>P.O. Box 3118
>Scranton, PA 18505-3118
>(570) 496-4600
>Attorneys for Defendant

Dated: April 17, 2018

# EXHIBIT A



**Jill Miller**
AND ASSOCIATES P.C.
ATTORNEYS AT LAW

April 7, 2015

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

American General Life Insurance Company
P.O. Box 1591
Houston, TX 77251

To Whom It May Concern:

    I enclose for service on American General Life Insurance Company a Writ of Summons filed in the Court of Common Pleas of Lackawanna County. Please be guided accordingly. Thank you.

Sincerely,

Melissa J. Foley, Esquire

MJF/lj
Enclosure

APR 20 2015

220 Penn Avenue, Suite 301
P.O. Box 767
Scranton, Pennsylvania 18501-0767
Phone 570 341 3400  Fax 570 341 1881

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Lackawanna County

| For Prothonotary Use Only: |
| --- |
| Docket No: 15-CV-2485 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Jeanine Schutz

**Lead Defendant's Name:** American General Life Insurance Company

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Melissa J. Foley, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLTY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other: Breach of Contract / Bad Faith

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

Jill Miller and Associates, P.C.
By: Melissa J. Foley, Esquire
I.D. #: 84559
220 Penn Avenue, Suite 301
Scranton, PA 18503
(570) 341-3400                                                                    Attorney for Plaintiff

---

| | |
|---|---|
| Jeanine Schutz<br>2 Hillary Drive<br>White Haven, PA 18661<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>American General Life Insurance Company<br>2727-A Allen Parkway<br>Houston, TX 77019<br><br>　　　　Defendant | IN THE COURT OF COMMON PLEAS<br>OF LACKAWANNA COUNTY<br><br><br><br><br><br>No.: 15-CV-2485 |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE CLERK OF JUDICIAL RECORDS:

Issue summons in Civil Action in the above case.
Writ of Summons shall be issued and forwarded to the Sheriff.

Dated: 4-7-15

　　　　　　　　　　　　　　　　　Melissa J. Foley, Esquire
　　　　　　　　　　　　　　　　　Jill Miller and Associates, P.C.
　　　　　　　　　　　　　　　　　P.O. Box 767
　　　　　　　　　　　　　　　　　Scranton, PA 18501-0767

## SUMMONS IN CIVIL ACTION

TO:　　AMERICAN GENERAL LIFE INSURANCE COMPANY
　　　　2727-A ALLEN PARKWAY, HOUSTON, TX 77019

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS COMMENCED AN ACTION AGAINST YOU.

Dated: APR 07 2015

　　　　　　　　　　　　　　　　　Mary F. Rinaldi, Clerk of Judicial Records

　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　Thomas A. Parry, Administrator

# EXHIBIT B

Case 3:18-cv-00630-MED Document 47-1 Filed 04/17/18 Page 18 of 19

# Jill Miller
## AND ASSOCIATES P.C.
### ATTORNEYS AT LAW

March 28, 2018

James J. Wilson, Esquire
Marshall Dennehy Warner
Coleman & Goggin
PO Box 3118
Scranton, PA 18505-3118



**RE: SCHUTZ V. AMERICAN GENERAL LIFE INS. CO.**

Dear Mr. Wilson:

I enclose a copy of the Complaint that was filed on today's date.

Sincerely,

Melissa J. Foley, Esquire

MJF/ljb
Encl.