# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANINE SCHUTZ,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-830 |
| v. | : | (JUDGE MANNION) |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** | : | |
| Defendant | : | |
| | : | |

## **MEMORANDUM**

Pending before the court is the plaintiff's motion for remand. (Doc. 7). Upon review, the motion will be **DENIED**.

On April 7, 2015, the plaintiff initiated the instant action by filing a writ of summons in the Court of Common Pleas of Lackawanna County. According to the plaintiff's motion to remand, the civil cover sheet accompanying the writ of summons reflected that the nature of the plaintiff's case against the defendant was "breach of contract" and "bad faith". The writ of summons was served on the defendant by certified mail, return receipt requested on April 17, 2015.

On April 29, 2015, the plaintiff provides that she served the defendant with a motion to conduct pre-complaint discovery, in which she indicated that she "believes that the Defendant's denial of her benefits constitutes a breach of contract and statutory and common law bad faith." The defendant filed responses to the plaintiff's request for pre-complaint discovery.

By e-mail dated October 14, 2016, the plaintiff forwarded the defendant

a settlement demand which contained allegations that the defendant acted in bad faith. The plaintiff made a settlement demand in excess of $75,000. The e-mail reflected the plaintiff's intention to file a complaint if the matter was not settled. According to the plaintiff, the defendant never responded to the settlement demand and never ruled the plaintiff to file a complaint.

On March 28, 2018, the plaintiff filed a complaint in the Court of Common Pleas of Lackawanna County and, on April 17, 2018, the defendant removed the action to this court. In her motion to remand, the plaintiff argues that, pursuant to 28 U.S.C. § §1446(b)(1), the defendant was required to file its notice of removal within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, which the plaintiff apparently believes to be the writ of summons.

Title 28 U.S.C. §1446(b)(1) provides, in relevant part, that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The Court of Appeals for the Third Circuit has found that "the time to remove is triggered by 'receipt of the complaint'" Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999)). A writ of summons not served simultaneously with a complaint cannot constitute the initial pleading. See

Binder v. Weststar Mortgage, Inc., 2015 WL 790203, at *1 (E.D.Pa. Feb. 25, 2015) (citing Lane v. CBS Broad, Inc., 2008 WL 910000, at *5 (E.D.Pa. Apr. 2, 2008)). The plaintiff's complaint in this case was filed on March 28, 2018, and the defendant's notice of removal was filed April 17, 2018, within the 30-day period required by §1446(b)(1).

The plaintiff also argues that 28 U.S.C. §1446(c)[1] provides that a case may not be removed on the basis of jurisdiction conferred by way of §1332 more than one year after commencement of the action. The plaintiff argues that the one year limitation is triggered when the action commences in state court and not at the time an initial pleading or other court paper is filed as in §1446(b). Because the defendant did not remove the instant action within one year of the filing of the writ of summons, which the plaintiff provides is the commencement of the action in state court, the plaintiff argues that the notice of removal is untimely in this case and the matter must be remanded to state court.

Title 28 U.S.C. §1446(c)(1), which provides the one-year time limit for removal in diversity cases, applies to cases removed under subsection

---

[1]Title 28 U.S.C. §1446(c)(1) provides:

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

3

§1446(b)(3)[2]. That subsection applies only where the case stated by the initial pleading is not removable, which is not the case here. While some courts have calculated the one-year time limit where no complaint was filed for over a year after the case was commenced by a writ of summons, the more convincing reading is that "initial pleading" means "complaint" throughout §1446 and, as such, neither §1446(b)(3), nor the one-year limitation applies in this case. Reading the statute otherwise could result in plaintiffs being allowed to file a writ of summons and hold the complaint in excess of one year in order to keep the action from ever reaching federal court. See Binder, 2015 WL 790203, at *2 n. 1 (citing Parker Hannifin Corp. v. Federal Ins. Co., 23 F.Supp.3d 588 (W.D.Pa. 2014)).

Finally, the plaintiff argues that, pursuant to §1446(b)(3), the motion for pre-complaint discovery and settlement demand constituted "other paper[s]" from which the defendant should have ascertained that the case was removable and, therefore, the defendant should have filed a notice of removal within 30 days of either the motion for pre-complaint discovery or the settlement demand letter. Because the defendant failed to do so, the plaintiff

---

[2]Title 28 U.S.C. §1446(b)(3) provides:

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

4

argues that the notice of removal is untimely on this basis as well.

As indicated, subsection 1446(b)(3) applies where the case stated by the initial pleading is not removable. The court has found this section inapplicable in this case.

For all of the foregoing reasons, the plaintiff's motion to remand will be denied. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  November 7, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-830-01.wpd